**Petition for Writ of Mandamus Denied and Opinion filed August 1, 2017.**



**In The**

# Fourteenth Court of Appeals

## NOS. 14-17-00552-CR, 14-17-00553-CR, and 14-17-00555-CR

### IN RE CARLOS A. DURAN, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**351st District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 883673, 883677, and 883680**

## MEMORANDUM OPINION

On July 18, 2017, relator Carlos A. Duran filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator appears to ask this court to compel the District Clerk of Harris County, Texas to take action.

This court's mandamus jurisdiction is governed by section 22.221 of the Texas Government Code. Section 22.221 expressly limits the mandamus jurisdiction of the courts of appeals to: (1) writs against a district court judge or a county court

judge in the court of appeals' district; and (2) all writs necessary to enforce the court of appeals' jurisdiction. Tex. Gov't Code § 22.221. The district clerk is not a district court or county court judge in this court's district, and relator has not shown that the issuance of a writ compelling the requested relief is necessary to enforce this court's appellate jurisdiction. Therefore, we do not have jurisdiction to issue a writ of mandamus against the district clerk. *See In re Gonzalez*, No. 14–16–00203–CR, 2016 WL 1237824, at \*2 (Tex. App.—Houston [14th Dist.] Mar. 29, 2016) (per curiam) (mem. op.); *In re Simpson*, 997 S.W.2d 939 (Tex. App.—Waco 1999, orig. proceeding) ("The Government Code does not confer mandamus jurisdiction over District Clerks upon the courts of appeals.").

Additionally, relator's petition does not comply with the briefing requirements of Texas Rule of Appellate Procedure 52.3. Among other things, the petition does not include a statement of the case, a statement of jurisdiction, issues presented, a statement of facts, or a conclusion that clearly states the nature of the relief sought, as required by Rule 52.3. The petition does not contain a certification that "[t]he person filing the petition must certify that he or she has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." *See* Tex. R. App. P. 52.3(j). Relator's petition does not contain this certification. The petition also has no certificate of service of the petition on the respondent and the real party-in-interest, as required by Texas Rules of Appellate Procedure 9.5 and 52.2.

Finally, as the party seeking relief, relator has the burden of providing this court with a sufficient record to establish his right to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); Tex. R. App. P. 52.7(a)(1) (relator must

2

file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). Relator has not provided this court with any record, much less one showing that he is entitled to mandamus relief.

For these reasons, we deny realtor's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Christopher, Brown, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).